IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN KEITH LUSK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-204-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

John Keith Lusk ("Petitioner") filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 47th District Court of Randall County, Texas pursuant to pleas of guilty to the second-degree felony offense of aggravated assault with a deadly weapon and the second-degree felony offense of injury to a child (enhanced by a prior felony conviction) and the resultant twenty-year concurrent sentences. For the reasons set forth below, the undersigned United States Magistrate Judge recommends that Petitioner's application for federal habeas corpus relief under Section 2254 of Title 28 of the United States Code be DENIED.

## I.   BACKGROUND

Petitioner was charged by Indictment in Randall County, Texas with aggravated assault with a deadly weapon, in violation of Section 22.02 of the Texas Penal Code, and injury to a child, in violation of Section 22.04 of the Texas Penal Code. (ECF 11-2 at 154–55); *see State v. Lusk*, No. 27527A; Tex. Penal Code Ann. § 22.02 (West 2009); Tex. Penal Code Ann. § 22.04 (West 2015). Specifically, the Indictment alleged that on or about September 15, 2016, Petitioner:

> did then and there recklessly cause bodily injury to Thien Nguyen by shooting him, and [Petitioner] did then and there use or exhibit a deadly weapon, to wit: a firearm,

> during the commission of said assault, . . . [and] did then and there recklessly cause serious bodily injury to Thien Nguyen by shooting him, . . . [and] did then and there recklessly, by an act, cause serious bodily injury to Thien Nguyen, a child 14 years of age or younger, by shooting Thien Nguyen[.]

(ECF 11-2 at 154–55). The Indictment further alleged that Petitioner had a prior felony conviction for possession of a prohibited weapon, for purposes of enhancing the range of punishment under Section 12.42 of the Texas Penal Code. (*Id.* at 155); *see* Tex. Penal Code Ann. § 12.42 (West 2013).

Petitioner waived his rights, pleaded guilty to the offenses, and on October 10, 2017, in accordance with the terms of a plea bargain agreement, the trial court sentenced Petitioner to confinement for a period of twenty years in the Texas Department of Criminal Justice—Correctional Institutions Division for each conviction, with the sentences running concurrently. (ECF 11-2 at 156–70).

Petitioner did not file a direct appeal of his convictions and sentence to the Court of Appeals for the Seventh District of Texas. (ECF 3 at 3). On January 29, 2019, Petitioner filed two applications for state habeas corpus relief to the Texas Court of Criminal Appeals ("TCCA"), which were consolidated into one proceeding.[1] (ECF 11-2 at 3–108). On May 1, 2019, the TCCA denied Petitioner's state habeas applications on the merits without written order. (ECF 11-1 at 1); *see In re Lusk*, No. WR-89,638-01 (Tex. Crim. App. May 1, 2019).

Petitioner again filed an application for state habeas corpus relief to the TCCA on June 24, 2019. (ECF 11-9 at 4–43). On August 21, 2019, the TCCA dismissed the application as

---

[1] "[U]nder Texas law the pleadings of *pro se* inmates, including petitions for state post-conviction relief, are deemed filed at the time they are delivered to prison authorities[.]" *Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013). Petitioner's state habeas applications do not indicate when Petitioner submitted them to prison authorities. The Court will assume that Petitioner delivered his state habeas applications to prison authorities on the date he signed them.

subsequent. (ECF 11-5 at 1); *see In re Lusk*, No. WR-89,638-03 (Tex. Crim. App. Aug. 21, 2019). The TCCA also denied Petitioner's multiple motions for leave to file applications for writ of mandamus. (*See* ECF 11-3 at 1; ECF 11-7 at 1–3; ECF 11-10 at 1); *In re Lusk*, WR-89,638-02 (Tex. Crim. App. Aug. 21, 2019); *In re Lusk*, WR-89,638-03 (Tex. Crim. App. Aug. 30, 2019); *In re Lusk*, WR-89,638-04 (Tex. Crim. App. Sept. 11, 2019). Finally, Petitioner filed another application for state habeas corpus relief to the TCCA on November 19, 2019, which was dismissed as subsequent on February 26, 2020. (ECF 11-12 at 4–27; ECF 10-1 at 43–45); *see In re Lusk*, WR-89,638-05 (Tex. Crim. App. Feb. 26, 2020).

Petitioner filed the instant federal petition on October 30, 2019.[2] (ECF 3 at 16). Respondent filed an Answer with Brief in Support on March 12, 2020, arguing that Petitioner's petition is barred by limitations pursuant to 28 U.S.C. § 2244(d) and should therefore be dismissed with prejudice. (ECF 10 at 1, 4). Petitioner filed a reply on April 8, 2020. (ECF 14). The Court ordered Respondent to file a sur-reply, which Respondent did on June 1, 2020. (ECF 20). The Court permitted Petitioner to respond to the sur-reply, and Petitioner filed a Rebuttal to Respondent's Sur-Reply on June 29, 2020. (ECF 22; ECF 23).

## II.     **PETITIONER'S ALLEGATIONS**

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

> 1. The trial court violated the Double Jeopardy Clause by convicting Petitioner of both aggravated assault with a deadly weapon and injury to a child for the same act;
>
> 2. Petitioner's guilty plea was unknowingly and involuntarily entered, because Petitioner's trial counsel did not advise him about the double jeopardy issue;

---

[2] For purposes of determining the applicability of the AEDPA, a federal habeas petition is filed on the date it is placed in the prison mail system. *See Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009) (citing *Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir. 1998)).

3

>  3. Petitioner's trial counsel was ineffective for advising him to plead guilty in violation of the Double Jeopardy Clause; and
>
>  4. Petitioner's trial counsel was ineffective by failing to properly investigate, failing to research the law, and advising Petitioner to plead guilty.

(ECF 3 at 7–13).

### III.    STANDARD OF REVIEW

Section 2254 of Title 28 of the United States Code authorizes a federal court to entertain a petition for a federal writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, a court may not grant relief on any claim that was adjudicated on the merits in state court proceedings unless a petitioner shows that the prior adjudication:

>  1.   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
>  2.   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

The Supreme Court has concluded the "contrary to" and "unreasonable application" clauses of Section 2254(d)(1) have independent meanings. *Bell v. Cone*, 535 U.S. 685, 694 (2002). Under the "contrary to" clause, a federal habeas court may grant relief if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Brown*, 544 U.S. at 141; *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) ("A state court's decision is 'contrary to' our clearly established law if it 'applies a rule that contradicts the

4

governing law set forth in our cases' or it 'confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'"). A state court's failure to cite Supreme Court authority does not, per se, establish the state court's decision is "contrary to" clearly established federal law: "the state court need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decisions contradicts them.'" *Mitchell*, 540 U.S. at 16.

Under the "unreasonable application" clause, a federal habeas court may grant relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case. *Brown*, 544 U.S. at 141; *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). A federal court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *McDaniel v. Brown*, 558 U.S. 120, 132–33 (2010) ("A federal habeas court can only set aside a state-court decision as 'an unreasonable application of . . . clearly established Federal law,' § 2254(d)(1), if the state court's application of that law is 'objectively unreasonable.'"); *Wiggins*, 539 U.S. at 520–21. The focus of this inquiry is on whether the state court's application of clearly established federal law was objectively unreasonable—an "unreasonable" application is different from a merely "incorrect" one. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under the [Antiterrorism and Effective Death Penalty Act ("AEDPA")] is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."); *Wiggins*, 539 U.S. at 520; *Price v. Vincent*, 538 U.S. 634, 641 (2003) ("[I]t is the habeas applicant's burden to show that the state court applied that case to the facts of his case in an objectively unreasonable manner"). "Under the [AEDPA], a state prisoner seeking a writ of habeas corpus from a federal

court 'must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Harrington v. Richter,* 562 U.S. 86, 101 (2011)).

This Court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951 (holding that a full and fair hearing is not a precondition according to section 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying section 2254(d)'s standards of review). A "paper hearing" is sufficient to afford a full and fair hearing on factual issues, especially where the trial court and state habeas court were the same. *Hill v. Johnson,* 210 F.3d 481, 489 (5th Cir. 2000); *Murphy v. Johnson,* 205 F.3d 809, 816 (5th Cir. 2000).

Furthermore, a denial, even though it does not contain a written opinion, is not silent or ambiguous. *See Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits). It is a decision on the merits and is entitled to the federal statutes' standard of deference. 28 U.S.C. § 2254(d); *see also Neal v. Puckett,* 239 F.3d 683, 686 (5th Cir. 2001) (explaining that in the context of federal habeas proceedings, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive").

The Supreme Court has reconfirmed that Section "2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Even if "a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. at 98.

Moreover, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. at 101 (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). This standard is difficult to meet, and the Supreme Court has affirmed that "it was meant to be" so. *Id*. at 102.

Finally, the Supreme Court has also held that review under Section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Perhaps more compelling, the Supreme Court made clear that Section 2254(e)(2)—the statutory mechanism through which Congress limited a petitioner's ability to obtain a federal evidentiary hearing (and to expand the federal habeas record)—has no application when a federal court reviews claims pursuant to Section 2254(d), whether or not a petitioner might meet the technical requirements of section 2254(e)(2). *See id.* at 183–86 (showing that the Supreme Court explicitly rejected the proposition that Section 2254(d)(1) has no application when a federal court admits new evidence under Section 2254(e)(2)); *see also id.* at 203 n.20 ("Because Pinholster has failed to demonstrate that the adjudication of his claim based on the state-court record . . . [violated § 2254(d)(1),] our analysis is at an end. We are barred from considering the evidence Pinholster submitted in the District Court that he contends additionally supports his claim.") (internal citation omitted). The Supreme Court reasoned:

> Today, we . . . hold that evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court,

7

a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.

*Id*. at 185. Therefore, this Court must review the reasonableness of the state court determinations under Section 2254(d), with reference only to the record actually before the state court.

### IV. STATUTE OF LIMITATIONS

Petitioner filed the instant federal habeas petition on October 30, 2019. (ECF 3 at 16). Respondent contends that Petitioner's claims are barred by the one-year statute of limitations imposed by Section 2254(d), because Petitioner filed the instant petition almost a year after the deadline imposed by Section 2254(d). (ECF 10 at 1, 4–10).

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

Petitioner was sentenced on October 10, 2017. (ECF 11-2 at 156–70). Petitioner did not file a direct appeal of his conviction, and the deadline to do so was November 9, 2017. (*See* ECF 3 at 3); Tex. R. App. P. 26(a)(1) (stating that a defendant must file a notice of appeal "within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order" if the defendant does not file a motion for new trial); *see also Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012) (discussing the two prongs of 28 U.S.C. § 2244(d)(1)(A)). Petitioner's judgment of conviction thus became final on November 9, 2017.

Under Section 2254(d)(1), the limitations period shall run from the date on which the judgment became final unless one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies. *See* 28 U.S.C. § 2244(d)(1). The undersigned, however, finds and concludes that none of those circumstances apply in this case. Specifically, the record does not reflect any unconstitutional "State action" impeded or prevented Petitioner from filing for federal habeas corpus relief; Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review; and Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to Petitioner's conviction becoming final. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

Accordingly, the one-year period of limitations Petitioner had to file a federal habeas petition in this case **began on November 9, 2017**—the date on which Petitioner's judgment became final by the expiration of the time for seeking such direct review under 28 U.S.C. § 2244(d)(1)(A). Therefore, Petitioner's federal habeas petition was **due on or before November 9, 2018**, unless statutory or equitable tolling applies.

## V.     STATUTORY TOLLING

Under Section 2254(d)(2), the limitations period will be tolled while a proper state habeas application is pending. *See* 28 U.S.C. § 2244(d)(2). However, Petitioner's state habeas applications did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2), because Petitioner's state habeas applications were all filed **on or after on January 29, 2019**—over two months after the limitations period had expired on **November 9, 2018**. (*See* ECF 11-2 at 3–108; ECF 11-9 at 4–43; ECF 11-12 at 4–27); *Bulter v. Cain*, 533 F.3d 314, 318 (5th Cir. 2008) ("It is true that Section 2244(d)(2) would cause tolling for the period during which the state habeas proceedings continued, but it was too late for a federal petition even before the state petition was filed. There was nothing to toll."); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that state habeas application filed after expiration of federal statute of limitations cannot toll the statute of limitations for the federal application). Therefore, statutory tolling does not apply.

## VI.     EQUITABLE TOLLING

Equitable tolling can apply to the one-year limitations period of Section 2244(d) in "rare and exceptional circumstances[.]" *Davis v. Johnson*, 158 F.3d 806, 810–11 (5th Cir. 1998). A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted). The United States Supreme Court has "reaffirm[ed] that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016).

Equitable tolling principally applies where the petitioner is "actively misled" by the

respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

Here, Petitioner has not demonstrated that he is entitled to equitable tolling of the limitations period. Petitioner does not directly address in his Petition why he did not file his federal habeas petition within the one-year limitations period or why equitable tolling should apply. (*See* ECF 3). However, Petitioner states in his reply to Respondent's Answer that he "did not file a timely notice of appeal because it was waived at [the] advice of counsel," citing to his Waiver of Appeal After Sentence Or Punishment Has Been Imposed in Accordance with Plea Bargain Agreement and Waiver of Appeal Pursuant to Plea Bargain Agreement with the State. (ECF 14 at 3; ECF 14-1 at 22). He then contends that he "attempted to exhaust all state remedies before challenging the state in the Federal Courts." (*Id.*). He further contends that he had "limited access to courts" before he "arrived at his assigned unit on June 1st 2018, Neal Unit," followed by a hindered ability to pursue his case due to "[f]request [l]ock downs for security reasons," and limited ability to conduct research at the TDCJ Neal Unit Law Library. (*Id.* at 3–4). Petitioner asserts that "[f]iling 3 habeas petitions with the state and being unsuccessful in the proceedings shows due diligence by a person who seeks to satisfy a legal requirement, yet ineffective because [Petitioner] acted pro se without effective counsel." (*Id.* at 6). Petitioner repeats these arguments in his Rebuttal to Respondent's Sur-Reply. (ECF 23 at 3–6).

The record does not reflect that Petitioner pursued his claims with reasonable diligence. *See McQuiggin*, 569 U.S. at 391. Petitioner has further not shown that "some extraordinary circumstance" prohibited him from timely seeking post-conviction relief from his conviction. *See*

*id.* Accordingly, equitable tolling does not apply in this case.

## VII. ACTUAL INNOCENCE

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin*, 569 U.S. at 392. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (*quoting Herrera v. Collins*, 506 U.S. 390, 404 (1993)). A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See id.* at 394–95; *Schlup v. Delo*, 513 U.S. 298, 326–29 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–24 (1998).

Petitioner states that "he raises a prima facie actual innocence claim" in his first ground, in which he asserts that "the trial court abused its discretion by entering a judgment of conviction not authorized by law, in violation of the . . . double jeopardy clause." (ECF 3 at 7). Specifically, he contends that the trial court wrongly convicted Petitioner of both aggravated assault with a deadly weapon and injury to a child for the same act—and, as such, he "is actually innocent of one of the charges presented in the indictment." (*Id.* at 8). In his reply to Respondent's Answer, he claims:

> It is conceivable to say that if [Petitioner] was facing one count instead of two counts, [Petitioner] would have gone to trial on a defense of having the state prove

12

> recklessness or law of concurrent causation, or that if he had done so he either would have been acquitted, or, if convicted, would nevertheless have been given a shorter sentence than not, offered lesser time in the plea bargain, than two twenty year sentences.

(ECF 14 at 15). In his Rebuttal to Respondent's Sur-Reply, Petitioner also states:

> If this court will give [Petitioner] authority to expound on his actual innocence claim he will not only prove his innocence of the elements charged but the record will disclose that a[t] the time of the plea, neither the accused, nor his counsel, nor the District Court correctly understood the essential elements of the crime with which he was charged.

(ECF 23 at 6).

Petitioner does not, in any of his filings in this case, set out any facts or argument in support of a claim that he is factually innocent of committing the aggravated assault with a deadly weapon and injury to a child offenses of which he was convicted. *See Bousely*, 523 U.S. at 623–24 (explaining that "actual innocence" in this context refers to factual innocence and not mere legal sufficiency). Instead, Petitioner appears to base his "actual innocence" claim solely on his argument that the trial court violated the Double Jeopardy Clause by convicting Petitioner of both aggravated assault with a deadly weapon and injury to a child for the same act. Petitioner does not assert a true claim of actual innocence, much less an exception to a procedural bar based on his actual innocence.

Even if Petitioner's pleadings can be construed to assert a true claim of actual innocence, whether as a ground for relief or to establish a gateway for any time-barred claim, Petitioner does not make the necessary showing of actual innocence. Petitioner fails to present any "new, reliable evidence" that was not previously presented and was unavailable to him in the underlying proceedings, nor does he show it is more likely than not that "in light of the new evidence," no fact finder, acting reasonably, would have convicted Petitioner in light of the new evidence. *See Schlup*, 513 U.S. at 326–27. Consequently, Petitioner has not sufficiently demonstrated his "actual

innocence" of the aggravated assault with a deadly weapon and injury to a child offenses as a gateway or means by which to overcome the time bar for filing a federal habeas corpus petition. An "actual innocence" exception to the time bar is not applicable to this case.

## VIII.　RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner John Keith Lusk be DISMISSED WITH PREJUDICE as time barred.

## IX.　INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 6, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal

conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).